# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**CHARLES C MCCOY,**

| | |
|---|---|
| **Petitioner,** | **Case No. 2:16-CV-00922/2:12-CR-254** |
| | **JUDGE ALGENON L. MARBLEY** |
| **v.** | **Magistrate Judge Jolson** |

**USA,**

   **Respondent.**

## REPORT AND RECOMMENDATION AND ORDER

   This case is before the Court on Petitioner Charles C. McCoy's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 34), the government's response (Doc. 36), and Petitioner's Reply (Doc. 37). For the following reasons, the Undersigned **RECOMMENDS** that the Motion to Vacate under 28 U.S.C. § 2255 be **DENIED** and that this action be **DISMISSED**. Petitioner's Motion to Appoint Counsel (Doc. 38) is **DENIED**.

## I.    FACTS AND PROCEDURAL HISTORY

   On February 4, 2013, Petitioner pled guilty to a two-count Bill of Information charging him with Conspiracy to Possess with the Intent to Distribute More than 100 kilograms of Marijuana and Aiding and Abetting in Operating an Unlicensed Money Transmitting Enterprise. (Doc. 12; Minute Entry for Proceedings). As part of the Plea Agreement, Petitioner acknowledged that: "[T]he Court has not yet determined a sentence, and acknowledges that any estimate of a probable sentencing range that he may have received, or may receive in the future, from the defendant's counsel, the United States, or the Probation Department, is a prediction, not a promise, and is not binding on the United States, the Probation Department, or the Court. (Doc. 2; Plea Agreement). On June 14, 2013,

the Court sentenced Petitioner to ninety-six (96) months of incarceration, and the Judgment was docketed on July 10, 2013. (Doc. 19). Petitioner did not appeal.

Petitioner then filed this case pursuant to 28 U.S.C. § 2255. He alleges that he "was deprived [of] effective assistance of counsel," in violation of the Sixth Amendment, "due to counsel's failure to adequately argue the appointment of U.S.S.G. § 5G1.3(b)." (Doc. 34 at 2).

## II.    DISCUSSION

### A.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2255, governs this case. The statute provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Applying provision § 2255(f)(1), Petitioner's judgment of conviction became final on July 10, 2013. (Doc. 19). Petitioner nonetheless waited more than three years, until September 2016, to file this action. (*See* Doc. 1).

As to the exact date of the filing of this action, Rule (d) of Section 2255 Rules provides that "[a] paper filed by an inmate confined in an institution is timely if deposited in the

institution's internal mailing system on or before the last day for filing.  If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid."  Here, Petitioner has not complied with the statute in order to receive the benefit of the prison mailbox rule.  Moreover, in response, the government states that the filing date of this action is September 26, 2016.  (Doc. 36 at 2).  Petitioner did not challenge that date in Reply.  (*See* Doc. 37).  "'[Petitioner] bears the ultimate burden of proving his entitlement to the [prison mailbox] rule.'"  *United States v. Buck*, Case No. 1:09-cr-432, 2011 U.S. Dist. LEXIS 103030, at *3 (N.D. Ohio Sept. 13, 2011) (quoting *Grady v. United States*, 269 F. 3d 913, 916–17 (8th Cir. 2001)) (second alteration in original).  Because Petitioner has offered no proof or argument for entitlement to the prison mailbox rule, the Court deems this case filed on September 26, 2016.

Petitioner attempts to overcome his untimeliness with two arguments for equitable tolling.  To make use of equitable tolling, Petitioner must establish that he exercised due diligence in discovering the factual predicate for his claim.  *Jefferson v. United States*, 730 F.3d 537, 544 (6th Cir. 2013) (citing *Johnson v. United States*, 457 F. App'x 462, 468 (6th Cir. 2012) (internal citation omitted).  The Sixth Circuit has cautioned that equitable tolling should be used "sparingly."  *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006).

Petitioner first argues that he was unaware of his sentencing calculation and thus had no reason to know his counsel had been ineffective.  (Doc. 34 at 2–3).  However, he admits that he learned of his sentencing calculation "while in state custody."  (Doc. at 3).  Petitioner arrived in federal custody on August 13, 2015.  (Doc. 36 at 2 n.1).  Thus, according to Petitioner's version

of events, he learned of his sentencing calculation no later than August 13, 2015. As noted above, Petitioner filed this case on September 26, 2016. Consequently, even if the Court equitably tolled Petitioner's deadline until August 13, 2016—which is a big if—Petitioner still missed his deadline. As such, Petitioner's claimed lack of knowledge does not help him here, and the Court concludes that Petitioner did not file this claim within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).

Second, Petitioner argues that he is entitled to equitable tolling because he is *pro se*. "[I]t is well-settled," however, "that neither lack of knowledge of the law nor the inability to obtain legal assistance constitutes an extraordinary circumstance sufficient to justify equitable tolling of the limitations period. *Martin v. Warden, Corr. Reception Ctr.*, 2015 U.S. Dist. LEXIS 166983, *17–18 (S.D. Ohio Dec. 14, 2015) (citing *Johnson v. United States*, 544 U.S. 295 (2005). Accordingly, Petitioner has not met the high bar for equitable tolling, and Petitioner's Sixth Amendment claim is untimely.

### B. Motion to Appoint Counsel (Doc. 38)

On January 9, 2017, Petitioner filed a Motion to Appoint Counsel (Doc. 38). Because the Court finds Petitioner's claims to be meritless, the Motion is **DENIED**. *See Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985).

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the Motion to Vacate under 28 U.S.C. § 2255 be **DENIED** and that this action be **DISMISSED**. Petitioner's Motion to Appoint Counsel (Doc. 38) is **DENIED**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

IT IS SO ORDERED.

Date: May 8, 2017

/s/Kimbery A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE