IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHARLES C. McCOY,**

    **Petitioner,**

v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

**CASE NO. 2:16-CV-922**
**CRIM. NO. 2:12-CR-254**
**JUDGE ALGENON L. MARBLEY**
**Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

On May 8, 2017, the Magistrate Judge issued a *Report and Recommendation and Order* denying Petitioner's motion for the appointment of counsel, and recommending that the *Motion to Vacate under 28 U.S.C. § 2255* be denied and that this action be dismissed as barred by the one-year statute of limitations provided for under 28 U.S.C. § 2255(f). (ECF No. 42.) Through counsel, Petitioner has filed a *Motion to Construe Petition for Resentencing Pursuant to U.S. Sentencing Guideline § 5G1.3(b) as Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 49), and *Motion for Leave to Amend 28 U.S.C. § 2255 Motion* (ECF No. 50.) Respondent has not filed a response to these motions.

For the reasons that follow, Petitioner's *Motion for Leave to Amend 28 U.S.C. § 2255 Motion* (ECF No. 50) is **GRANTED.**

Petitioner's *Motion to Construe Petition for Resentencing Pursuant to U.S. Sentencing Guideline § 5G1.3(b) as Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 49), is **DENIED,** as moot.

The *Report and Recommendation and Order* (ECF No. 42) is **ADOPTED** and **AFFIRMED**. The *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 34) is **DENIED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

**Procedural History**

Petitioner challenges his convictions pursuant to the terms of his guilty plea on conspiracy to possess with the intent to distribute more than 100 kilograms of marijuana and aiding and abetting in operating an unlicensed money transmitting enterprise. On July 10, 2013, *Judgment* was entered. (ECF No. 19.) On June 8, 2016, Petitioner filed a *Petition for Resentencing Pursuant to U.S. Sentencing Guideline § 5G1.3(b) by a Person in Federal Custody*, requesting to be re-sentenced under the provision of 18 U.S.C. § 3585.[1] (ECF No. 31.) Petitioner claimed that the Bureau of Prisons had failed to provide him with appropriate jail credit, as had been agreed to by the parties at sentencing, and promised by his attorney. On August 4, 2016, the Court denied Petitioner's motion for re-sentencing. *Opinion and Order* (ECF No. 33.) On September 26, 2016, Petitioner filed a *pro se Motion to Vacate under 28 U.S.C. § 2255*. Petitioner now asserts that he was denied the effective assistance of counsel,

---

[1] 18 U.S.C. § 3585 provides:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence

2

because his attorney failed to obtain credit on his federal sentence for time served on a state sentence under U.S.S.G. § 5G1.3.[2] According to Petitioner, under the terms of his *Plea Agreement*, his attorney repeatedly assured him that all of the time he was serving on his state sentence would be credited toward his federal sentence. *Motion to Vacate under 28 U.S.C. § 2255* (Doc. 34, PageID# 90.) Petitioner indicates that his attorney told him that he would serve little to no federal time with his request for time served. (*Id.*)

As discussed, on May 8, 2017, the Magistrate Judge issued a *Report and Recommendation and Order* recommending that the § 2255 be dismissed as untimely. (Doc. 42.) On May 30, 2017, the Magistrate Judge granted Petitioner an extension of twenty-one days to file objections. (Doc. 46.) On June 28, 2017, the Magistrate Judge denied Petitioner's request for an additional extension of time to file objections. (ECF No. 46.) To date, no objections have been filed.

However, through counsel, on July 11, 2017, Petitioner filed a *Motion to Construe Petition for Resentencing Pursuant to U.S. Sentencing Guideline § 5G1.3(b) as Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 49), and *Motion for Leave to Amend 28 U.S.C. § 2255 Motion*

---

[2] U.S.S.G. § 5G1.3 provides in relevant part as follows:

> (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
>
> (b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows:
>
> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

3

(ECF No. 50.) Petitioner requests that the Court vacate its prior *Opinion and Order* dismissing his June 8, 2016, motion for re-sentencing. Petitioner argues that this prior motion should have been properly construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, particularly in view of his *pro se* status, and based on his reference to defense counsel's purported assurances that he would obtain credit on his federal sentence for all of the time he had served on his state sentence. Petitioner maintains that, liberally construing his motion for re-sentencing, he thereby previously raised a claim of the denial of the effective assistance of counsel, which claim should have been properly considered in an action under 28 U.S.C. § 2255. Moreover, Petitioner filed his June 8, 2016, motion for re-sentencing within the one-year statute of limitations. *See* 28 U.S.C. § 2255(f). Petitioner argues that this action therefore is timely. Petitioner also seeks to amend the § 2255 motion in order to clarify his claim of the denial of the effective assistance of counsel. Petitioner asserts that his attorney advised him that, if he pleaded guilty, his state and federal sentences "would run concurrently" and that he would receive credit on his federal sentence for all of the time he had spent in state custody. Petitioner indicates that, but for his attorney's "erroneous advice, there stands a reasonable probability that [he] would not have pled guilty and would have proceeded to trial instead." (ECF No. 50-1, PageID# 247.) For the reasons that follow, Petitioner's arguments are not persuasive.

**Standard of Review**

In order to obtain relief under 28 U.S.C. § 2255, a defendant must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. *United States v. Timmreck*, 441 U.S. 780 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) *(per curiam)*. Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States, where the

trial court lacked jurisdiction, or when the sentence was in excess of the maximum sentence allowed by law or is "otherwise subject to collateral attack." *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991). Apart from constitutional error, the question is "whether the claimed error was a 'fundamental defect which inherently results in a complete miscarriage of justice,'" *Davis v. United States*, 417 U.S. 333, 346 (1974)(quoting *Hill v. United States*, 368 U.S. 424, 428–429 (1962); *see also Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2006).

### Ineffective Assistance of Counsel

Petitioner alleges that he was denied the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that counsel's performance was deficient, or that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed" by the Sixth Amendment, and that this deficient performance prejudiced the petitioner. *Id.* at 687. This showing requires that defense counsel's errors were so serious as to deprive the defendant of a fair and reliable trial. *Id.*

"Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 599 U.S. 356, 371 (2010). Given the difficulties inherent in determining whether an attorney's performance was constitutionally deficient, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." *Strickland*, 466 U.S. at 689. Nevertheless, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. A petitioner, therefore, must show prejudice in order to prevail on a claim of ineffective assistance of counsel. *Id.* at 692.

5

In order to establish prejudice, a petitioner must demonstrate that a reasonable probability exists that, but for counsel's errors, the result of the proceedings would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Because a petitioner must satisfy both prongs of *Strickland* to demonstrate ineffective assistance of counsel, should a court determine that the petitioner has failed to satisfy one prong, it need not consider the other. *Id.* at 697.

Because a criminal defendant waives numerous constitutional rights when he pleads guilty, the guilty plea must be entered knowingly and voluntarily in order to be constitutionally valid. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). " 'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' " *Sparks v. Sowders*, 852 F.2d 882, 885 (6th Cir. 1988) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). In applying this standard, a court must look at the totality of the circumstances surrounding the plea. *Id.* A criminal defendant's solemn declaration of guilt carries a presumption of truthfulness. *Henderson v. Morgan*, 426 U.S. 637, 648 (1976). Further, a criminal defendant cannot successfully challenge the voluntariness of his plea merely on the basis that he was motivated to plead guilty. *Brady v. United States*, 397 U.S. 742, 750 (1970).

However, a petitioner may challenge the entry of a plea of guilty on the basis that counsel's ineffectiveness prevented the plea from being knowing and voluntary. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). *Strickland's* two part test applies to challenges to guilty pleas based on a claim of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Sparks v. Sowders*, 852 F.2d 882, 884 (6th Cir. 1988). In order to obtain relief on that basis, however, a petitioner raising such a claim must first show that counsel's advice was not

6

within the range of competence demanded of attorneys in criminal cases. *Hill,* 474 U.S. at 59; *Sparks,* 852 F.2d at 884.

> The second, or "prejudice" requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill,* 474 U.S. at 59; *Sparks,* 852 F.2d at 884. Petitioner has failed to meet this standard here.

Petitioner signed a *Plea Agreement* indicating he understood that he faced a mandatory minimum term of five years and up to forty years of imprisonment. (Doc. 2, PageID# 3.) By entry of his guilty plea, the government agreed not to pursue any additional criminal charges based on the activities charged. Petitioner obtained a three level reduction in his recommended sentence under the advisory United States Sentencing Guidelines based on his acceptance of responsibility and timely notifying the authorities of his intention to plead guilty. Additionally, the parties agreed that the relevant conduct involved between 400 and 700 kilograms of marijuana, with a resulting offense level of 28. (PageID# 5.) The United States agreed not to oppose "that any sentences imposed for Counts 1 and 2 run concurrent to each other and any other state or federal sentence Charles C. McCoy may be serving." (PageID# 6.) However, the *Plea Agreement* explicitly indicated that the sentencing recommendations would not be binding on the Court. Petitioner also acknowledged his understanding that the "final determination of all sentencing issues" would be made by the District Court. (*Id.*)

> The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set forth for the offense to which the defendant pleads guilty. The defendant is aware that the Court has not yet determined a sentence. The defendant is further aware that any estimate of a probable sentencing range that the defendant may have received, or may

> receive in the future, from his counsel, the United States, or the Probation Department is a prediction, not a promise, and is not binding on the United States, the Probation Department or the Court. The United States makes no promise or representation concerning the sentence that the defendant will receive, and the defendant cannot withdraw his guilty plea based upon the actual sentence.

*Plea Agreement* (Doc. 2, PageID# 6.) By entry of his guilty plea, Petitioner obtained the possibility of the government's filing of a motion pursuant to § 5K1.1 of the Federal Sentencing Guidelines or 18 U.S.C. § 3553(e). (PageID# 7.) No additional promises, agreements, or conditions had been made. (*Id.*)

On February 1, 2013, at the time of the entry of his guilty plea, Petitioner stated that he understood the nature and meaning of the charges against him, and had told his attorney everything he knew about the case. *Guilty Plea Transcript* (Doc. 39, PageID# 137.) He denied being under the influence of alcohol or drugs. (PageID# 136-37.) He was satisfied with his attorney's advice and representation. (PageID# 138.) The Court advised Petitioner of the elements of the offenses charged. Petitioner indicated that he understood. (PageID# 138-39.) He understood the maximum and minimum sentences that he faced. (PageID# 139.) Petitioner understood that the Court could impose the maximum penalty (*i.e.*, up to forty years on Count one and five years on Count 2). (PageID# 139-140.) He understood all of the rights he was waiving by entry of his guilty plea. (PageID# 140-143.) The prosecutor summarized the terms of the *Plea Agreement*. (PageID# 143-45.) In relevant part, the prosecutor indicated that the United States would not oppose imposition of concurrent sentences on Counts 1 and 2, but the parties recognized that the Court would not be bound by that recommendation. (PageID# 145.) The prosecutor did not indicate, in his summary of the terms of the *Plea Agreement*, that Petitioner would obtain credit for his time served on his state sentence. Petitioner indicated that

the prosecutor had accurately summarized the terms of the *Plea Agreement*. (PageID# 147.) He denied being made any other additional promises or assurances of any kind to induce his guilty plea. (*Id.*)

> COURT: Aside from the plea agreement which we've just discussed, has any person, including an agent or officer of the government or any of the attorneys in this case, promised or even suggested that you will receive a lesser sentence or some other form of leniency in exchange for your plea of guilty?
>
> DEFENDANT: No, Your Honor.

(PageID# 147-48.) Petitioner denied being threatened or forced into entering a guilty plea. (PageID# 148.)

> The prosecutor summarized the facts as follows:
>
> > Investigation revealed that between February 2011 and May 2012, the defendant, Charles C. McCoy, was involved in the transportation, sale, and distribution of marijuana in the Southern District of Ohio and elsewhere.
> >
> > Specifically, McCoy would travel to Phoenix, Arizona, for the purpose of purchasing marijuana which he would then have shipped to central Ohio, here within the Southern District of Ohio, via the U.S. Postal Service. Once the marijuana was received and distributed by McCoy and others in central Ohio and elsewhere, McCoy would then send the proceeds from the marijuana trafficking back to Arizona to arrange for the purchase of additional quantities of marijuana.
> >
> > Through the interview of witnesses, examination of bank records, casino reports and other financial documents, investigators documented that Charles McCoy had been involved in the transportation, sale, [and] distribution of in excess of 500 kilograms of marijuana in the central Ohio area.
> >
> > The investigation also found that in conducting these financial transactions in support of his narcotics trafficking activities, McCoy knowingly operated an unlicensed money transmitting business that affected interstate commerce by physically transporting by interstate commerce the moneys he derived from the sale of marijuana in central Ohio back to Arizona. McCoy had

> also used the U.S. Postal Service to express mail the moneys to Arizona, as well as by depositing those funds into bank accounts that were subsequently withdrawn in Arizona to purchase additional quantities of marijuana.
>
> The investigation has documented that McCoy had arranged for the movement of approximately $500,000 in U.S. currency from central Ohio to Phoenix, Arizona, and that McCoy never registered and/or has been licensed to operate a money transmitting business by the Department of Treasury.

(PageID# 148-49.) Petitioner agreed with the truth of these facts. (PageID# 150.)

On June 14, 2013, at sentencing, Petitioner stated that he had reviewed and received a copy of the *PreSentence Investigation Report*. *Sentencing Transcript* (Doc. 41, PageID# 185-86.) He had discussed it with his attorney. (PageID# 186.) Defense counsel requested a departure and a variance from the recommended guideline sentence. (PageID# 189.) Counsel requested the Court to consider imposition of a 36 month concurrent term, and application of an appropriate recommended guideline sentence of 77 to 96 months. (PageID# 192, 201.) The Court imposed 96 months on Count 1 and 60 months on Count 2, such sentences to run concurrently to each other and to any undischarged period of incarceration with the State of Ohio. (PageID# 208.) The Court did not, as Petitioner now claims, indicate that Petitioner would be provided with credit for any previous time he had served prior to the date of sentencing on his state sentence.

Moreover, nothing in the record supports Petitioner's claim now that anyone promised him that he would be provided with credit for his time served on his state sentence under the terms of his guilty plea. The record indicates to the contrary. Petitioner explicitly acknowledged, pursuant to the terms of his signed *Plea Agreement*, and while under oath at the time of his guilty plea, that he understood that the Court had the authority to impose any sentence

within the statutory maximum. He expressly denied being made any other promises to induce his guilty plea. Further,

> the representations of the defendant, his lawyer, and the prosecutor at [a guilty plea proceeding], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73–75 (1977). Therefore, Petitioner's allegation that he pleaded guilty because his attorney promised him that that he would serve little time on his federal sentence because he would receive credit for all of the time he had previously served on state charges is simply not worthy of credit in view of the record before this Court. Although the *Plea Agreement* indicates that the prosecutor agreed to recommend that Petitioner's federal sentence would run concurrently to his state sentence, Petitioner also indicated that he understood that the recommendation was not binding on the Court. Moreover, no mention was made, at sentencing or in the *Plea Agreement*, regarding credit being provided to Petitioner for the time he had previously served on state charges.

Additionally, it does not appear from the record that the government would have been unable to establish the charges against Petitioner. Pursuant to the terms of his guilty plea, Petitioner obtained a reduction in his recommended guideline sentence and reduced his potential sentence exposure. The government agreed to recommend that his sentences be served concurrently to each other and to the sentence he was serving on state charges. Under these circumstances, Petitioner cannot establish that, but for the ineffective performance of counsel, he would not have pleaded guilty but would have proceeded to trial. His allegation that his attorney

made an off-the-record promise to induce his guilty plea is belied by the record and without support.

Therefore, Petitioner's Petitioner's *Motion for Leave to Amend 28 U.S.C. § 2255 Motion* (ECF No. 50) is **GRANTED.**

Petitioner's *Motion to Construe Petition for Resentencing Pursuant to U.S. Sentencing Guideline § 5G1.3(b) as Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 49), is **DENIED,** as moot.

The *Report and Recommendation and Order* (ECF No. 42) is **ADOPTED** and **AFFIRMED.** The *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 34) is **DENIED.** This action is hereby **DISMISSED.**

Pursuant to 28 U.S.C. § 2253(c)(1)(B), the Court must also assess whether to issue a certificate of appealability. Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts states that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." However, Petitioner has waived the right to file an appeal by failing to file objections to the Magistrate Judge's recommendations. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). The Court therefore **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
United States District Judge